RALPH B. GUY, JR.,
concurring in the result.
I concur in the judgment remanding this case for further consideration of equitable tolling, but cannot join in the opinion because I disagree with the majority’s characterization of the admittedly unknown facts[1]; improper emphasis on the seriousness of the allegations made in plaintiffs complaint[2]; and statements that could erroneously be interpreted as findings concerning a) the significance of the withdrawal of the second EEO complaint,[3] b) the alleged egregiousness of counsel’s conduct,[4] and c) the asserted diligence on the part of plaintiff.[5] Also, even in Seitzinger, relied upon by the majority, the affirmative misrepresentations of counsel were weighed along with the plaintiffs diligence and her putative knowledge of the filing requirements. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 241 (3d Cir.1999). Despite the majority’s focus on allegations of attorney incompetence, this court has consistently considered the following factors in determining the appropriateness of equitable tolling: “1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one’s rights; 4) absence of prejudice to the defendant; and 5) the plaintiffs reasonableness in remaining ignorant of the particular legal requirement.” Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir.2000) (citation omitted).

. The plaintiff's pro se letter filed in February 2007, indicated only that plaintiff had moved from the area, had been promised that her attorney would prosecute the case, had tried unsuccessfully to contact her attorney at some point, and had learned of the dismissal by calling the court.

. While the seriousness of the claim is not a factor we consider, I note that plaintiff indicated that Edwards was discharged when he refused to attend sexual harassment training.

. Counsel’s letter withdrawing the complaint was not part of the record, nor is it clear that the second Title VII action was untimely given the presumption that receipt of notice occurs within five days after the mailing of the final administrative decision. Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir.2000). Also, the first Title VII complaint specifically alleged sexual harassment in violation of Title VII. (Dkt. No. 03-2482, Compl., Para. 14.)

. Notwithstanding the speculation concerning attorney malfeasance, the majority acknowledges that it is for plaintiff to prove on remand. Indeed, plaintiff, who was represented by counsel on appeal, argued only that her attorney had "lapses in communication" and "made tactical decisions that were not in her best interest.” In fact, when the second Title VII complaint was voluntarily dismissed on the eve of a decision on the merits, the case had been pending two years.

. Although the majority suggests that plaintiff showed diligence in pursuing her third Title VII complaint pro se, the record is silent concerning whether she diligently pursued her claims in earlier proceedings.